**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

WILLIAM J. PRICE, JR.,

    Plaintiff,

vs.                                                    CASE NO. 3:06-cv-375-J-TEM

MICHAEL J. ASTRUE,
Commissioner of
Social Security,

    Defendant.
_____

**ORDER AND OPINION**

**I. Background**

This cause is before the Court on Plaintiff's complaint (Doc. #1) seeking review of the final decision of the Commissioner of the Social Security Administration ("the Commissioner") denying his claim for disability benefits. The Commissioner has filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number). On April 14, 2003, Plaintiff filed an application for a period of disability insurance benefits ("DIB") and supplemental security income disability payments ("SSI") based on an asserted disability onset date of September 1, 2002. (Tr. at 131). Plaintiff's application was denied, he has exhausted his administrative remedies, and the Decision of Administrative Law Judge ("ALJ") William H. Greer denying Plaintiff's benefits has become the final decision of the Commissioner. (Tr. at 23).

## II. Social Security Act Eligibility and
## the ALJ Decision

A plaintiff is entitled to disability benefits under the Social Security Act (the "Act") when he/she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than 12 months.  42 U.S.C. § 1382c (a)(3)(A) (2006).  The Commissioner has established a five-step sequential evaluation process for determining whether a plaintiff is disabled and therefore entitled to benefits.  *See* 20 C.F.R. § 416.920 (a) - (f)[1]; *Crayton v. Callahan*, 120 F. 3d 1217, 1219 (11th Cir. 1997).  Plaintiff bears the burden of persuasion through Step 4, while at Step 5 the burden shifts to the Commissioner.  *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987).

The ALJ's Decision dated August 25, 2005, denied Plaintiff's claim for a period of DIB and also rejected Plaintiff's claim for SSI benefits.  (Tr. at 23).  At Step 1 the ALJ found Plaintiff had not engaged in substantial gainful activity since September 1, 2002.  (Tr. at 22).  At Step 2 the ALJ found Plaintiff's hypertension and congestive heart failure impairments were severe within the meaning of the Act.  (Tr. at 22).  In Step 3, however, the ALJ noted that the impairments were not severe enough to meet or medically equal, either singular or in combination, one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4.  (Tr. at 22).  At Step 4 the ALJ determined according to Plaintiff's Residual Functional Capacity ("RFC") he was not able to perform his past relevant work as a corrections officer.  (Tr. at 22).  At the last stage of the sequential evaluation process, Step 5, the ALJ considered medical examinations, vocational expert testimony, Plaintiff's

---

[1]All references to 20 C.F.R. will be to the 2006 version unless otherwise noted.

age, work experience, education, and RFC to perform a reduced range of work and determined that Plaintiff was not disabled under the Act. (Tr. at 19-22).

When the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision, the ALJ's decision became the "final decision" of the Commissioner. 20 C.F.R. § 404.981; *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998) ("when the Appeals Council grants review, the Appeals Council decision is reviewable as the final decision of the Secretary [Commissioner], but when the Appeals Council denies review, the decision of the ALJ becomes the final decision of the [Commissioner]") (*quoting Keeton v. Dep't of HHS*, 21 F.3d 1064, 1066 (11th Cir. 1994) (*internal citations omitted*).

### III. Standard of Review

The scope of this Court's review is generally limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence. *See also Richardson v. Perales*, 402 U.S. 389, 390 (1971). For purposes of determining whether a claimant is disabled, the law and regulations governing a claim for disability benefits are identical to those governing a claim for supplemental security income benefits. *Patterson v. Bowen*, 799 F.2d 1455, 1456, n. 1 (11th Cir. 1986).

The Commissioner's findings of facts are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g) (2006). Substantial evidence is defined as more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982)).

Where the Commissioner's decision is supported by substantial evidence, the Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The Commissioner must apply the correct law and demonstrate that he has done so. While the Court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton*, 21 F.3d 1064 at 1066 (*citing Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the reviewing court must not re-weigh the evidence, but must determine whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the plaintiff is not disabled. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

### IV. Review of Facts and Conclusion of Law

**A. Background Facts:**

At the time of the January 5, 2005 administrative hearing, Plaintiff was 56 years old, had completed the twelfth grade, completed a year and a half of college, and had past work experience as a corrections officer. (Tr. at 17). Plaintiff testified that he is disabled due to congestive heart failure and hypertension as of September 1, 2002. (Tr. at 155-56). Plaintiff further testified that he suffers from dizziness (as result of his medication)

shortness of breath, numbness, and experiences swelling in his legs after walking (which is reduced when he takes his medication as prescribed). (Tr. at 17). On his Disability Report, Plaintiff added as an additional illness or injury that he is hard of hearing. (Tr. at 75). Plaintiff also testified that he was let go from his job as a corrections officer in 2002 due to his health condition and accusations that he was bringing contraband into the prison (which he stated were never proven). (Tr. at 165) (*but see* Plaintiff's Disability Report, in which Plaintiff stated "I was released from my job, not because of the disability." (Tr. at 62)).

Since being unemployed, Plaintiff testified that he relies heavily on his three sisters for help because he does not have any income. (Tr. at 162). It appears from his testimony that Plaintiff primarily needs his sisters to drive him places because he elects not to use his driver's license. (Tr. at 161). Plaintiff fears that he may become dizzy while driving and lose control of his automobile, which could result in harm to others. (Tr. at 161). Plaintiff testified that he does most of his own housework (including laundry) and that he does his own grocery shopping after he has been driven to the grocery store by one of his sisters. (Tr. at 162). Otherwise, Plaintiff described his typical day as one in which he watches television. (Tr. at 161). When questioned about his strength, Plaintiff stated he could lift a gallon of milk but was uncertain if he possessed the strength to transport two gallons of milk from a refrigerator to a table because he has never tried. (Tr. at 163).

As mentioned above, Plaintiff worked as a corrections officer for sixteen years up until he was terminated in 2002. Plaintiff's former occupation as a corrections officer is classified as a semiskilled job which requires a medium level of exertion. (Tr. at 166). Vernon David Pigue, Vocational Expert ("VE"), testified as to the transferability of Plaintiff's skills from his past employment. (Tr. at 166-68). The VE testified that Plaintiff had

transferable skills in the job field of security. (Tr. at 166-68). Based on Plaintiff's transferable skills, the VE suggested three different occupations which existed in significant numbers in the economy that matched Plaintiff's RFC. The three occupations the VE testified Plaintiff can perform are: (1) merchant patroller; (2) security guard; and, (3) gate guard. All three jobs are considered semiskilled light jobs and exist in significant numbers in the community (865,864 jobs nationally and 54,992 locally in the State of Florida). (Tr. at 167-68).

**B. Issues**:

**(1) Consideration of the Totality of the Evidence and Plaintiff's Credibility Determination:**

Plaintiff argues that the ALJ did not considered the totality of the evidence in determining the severity of his impairments or the credibility of his allegations, and that the case should therefore be reversed and remanded for further proceedings. (Doc. #14, pp. 7-9). Specifically, Plaintiff argues that the ALJ's decision is silent regarding his diagnoses of renal insufficiency and anemia and that the ALJ failed to analyze the evidence documenting these conditions. (Doc. # 14, p. 8).

At first blush it might appear from the ALJ's decision that he did not consider Plaintiff's diagnoses of renal insufficiency and anemia. The ALJ, however, considered the aforementioned conditions when he referred to Plaintiff's medical records from Shands Jacksonville ("Shands"), Exhibit 7F, in his written decision. (Tr. at 19). The ALJ noted that when Plaintiff visited Shands he mainly received general medical care such as prescription refills and that only on one occasion did Plaintiff complain of pain. (*See* Tr. at 19 where Plaintiff complained of lower back pain). This finding is consistent with the record although

Plaintiff did additionally on one occasion complain of abdominal pain. (*See* Tr. at 113-120). The medical records from Shands, Exhibit 7F, includes diagnoses of renal insufficiency, pitting edema, and anemia (Tr. at 115, 118, 119); therefore, by referring to Exhibit 7F in his decision, the ALJ considered these diagnoses when making his overall determination of non-disability under the Act.

The ALJ explicitly considered all of Plaintiff's complained of symptoms stemming from his diagnoses including Plaintiff's complaints of shortness of breath, dizziness, and swelling in his arms and legs. (Tr. at 19). Further, the ALJ also considered Plaintiff's asserted hearing problem in making his final determination. (Tr. at 19). The ALJ stated that after considering all of Plaintiff's conditions and symptoms he found Plaintiff's allegation that he is precluded from all work activity not credible. (Tr. at 19).

When considering Plaintiff's credibility, pain and subjective symptoms alone can be impairments which result in a claimant being disabled. *Marbury v. Sullivan*, 957 F. 2d 837, 839 (11th Cir. 1992). A reviewing court decides whether the Commissioner's findings are consistent with the proper legal standard and are supported by substantial evidence. *Bridges v. Bowen*, 815 F. 2d 622, 624-25 (11th Cir. 1987). 42 U.S.C. § 423 (d)(5)(A) sets forth the conditions by which a claimant's subjective symptoms of pain may establish a disability. The Eleventh Circuit has interpreted the aforementioned statute to require the Commissioner to consider a claimant's subjective testimony if the claimant has established: (1) evidence of an underlying medical condition; and either (2) objective medical evidence that confirms the severity of the alleged pain or restrictions arising from that condition, or (3) evidence that the objectively determined medical condition is such that it can be reasonably expected to give rise to the claimed pain or restriction. *Foote*, 67 F. 3d 1553

at 1560-61; *Marbury*, 957 F. 2d at 839; *Holt v. Sullivan*, 921 F. 2d 1221, 1223 (11th Cir. 1991).

In this case, Plaintiff asserts that the ALJ neglected to consider a great deal of Plaintiff's medical evidence concerning his diagnoses of renal insufficiency and anemia, which Plaintiff claims causes the swelling in his legs that restricts his ability to work. (*See* Doc. #14 and Tr. at 156). While the ALJ must consider a plaintiff's subjective testimony of pain that restricts his/her ability to work, the ALJ may reject the testimony as not credible and such a determination will be reviewed under the substantial evidence standard. *Marbury*, 957 F.2d at 839. Furthermore, the ALJ's determinations as to the credibility of a plaintiff will not be overturned if, reviewing the entirety of the record, there is substantial evidence supporting a finding of non-credibility. *Foote*, 67 F. 3d at 1562.

In his testimony, Plaintiff asserted that the main problems he has that preclude him from working are shortness of breath, dizziness, swelling in his legs, and having to use the restroom frequently. (Tr. at 155-56). The ALJ did not ignore Plaintiff's evidence of renal insufficiency and anemia, but simply determined that the amount of restriction stemming from these conditions were not credible against the objective findings. (Tr. at 19).

In this case, substantial evidence in the record as a whole supports the ALJ's finding that the objective evidence of record did not comport with Plaintiff's allegation that he was precluded from all work activity due to the combination of his diagnosed conditions. In support of his findings, the ALJ pointed out that despite Plaintiff claiming to suffer from disabling conditions, his medical treatment has been sporadic. (Tr. at 19). To illustrate this point, the ALJ emphasized that Plaintiff has not been hospitalized for any medical conditions since the alleged onset date of September 1, 2002 and that he has only been

treated conservatively with medication.  (Tr. at 19).

Furthermore, Plaintiff's own testimony supports the ALJ's finding that Plaintiff is not precluded from all work activity due to the combination of his impairments.  For instance, when the ALJ asked Plaintiff what his main problems were that precluded him from working, Plaintiff responded that his main problems were shortness of breath, dizziness, and swelling in his ankles and legs. (Tr. at 156).  The ALJ then asked Plaintiff if he were to take his medications as prescribed would he still have a problem with swelling.  (Tr. at 156).  The Plaintiff responded: "A little bit at times.  Not all the time." (Tr. at 156).  When asked if there were any other symptoms besides shortness of breath and swelling that would impact his ability to work, Plaintiff responded "No."  (Tr. at 159).

"It is the plaintiff who bears the burden of proving that he is disabled, and consequently, he is responsible for producing evidence in support of his claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).  Moreover, the court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  Here, the record as a whole supports the ALJ's determination that Plaintiff's impairments in combination do not preclude him from all work activity.  The written decision of the ALJ combined with the hearing transcript shows the ALJ did in fact consider the totality of the evidence in determining that Plaintiff is not disabled under the Act.  Concerning the ALJ's determination that Plaintiff is not credible, the Court finds the ALJ's decision is reasonable and is supported by substantial evidence as mentioned above.

**(2) Medical Opinions Presented by Various Physicians:**

After evaluating Plaintiff's allegations against the objective findings, the ALJ then

treated conservatively with medication.  (Tr. at 19).

Furthermore, Plaintiff's own testimony supports the ALJ's finding that Plaintiff is not precluded from all work activity due to the combination of his impairments.  For instance, when the ALJ asked Plaintiff what his main problems were that precluded him from working, Plaintiff responded that his main problems were shortness of breath, dizziness, and swelling in his ankles and legs. (Tr. at 156).  The ALJ then asked Plaintiff if he were to take his medications as prescribed would he still have a problem with swelling.  (Tr. at 156).  The Plaintiff responded: "A little bit at times.  Not all the time." (Tr. at 156).  When asked if there were any other symptoms besides shortness of breath and swelling that would impact his ability to work, Plaintiff responded "No."  (Tr. at 159).

"It is the plaintiff who bears the burden of proving that he is disabled, and consequently, he is responsible for producing evidence in support of his claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).  Moreover, the court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  Here, the record as a whole supports the ALJ's determination that Plaintiff's impairments in combination do not preclude him from all work activity.  The written decision of the ALJ combined with the hearing transcript shows the ALJ did in fact consider the totality of the evidence in determining that Plaintiff is not disabled under the Act.  Concerning the ALJ's determination that Plaintiff is not credible, the Court finds the ALJ's decision is reasonable and is supported by substantial evidence as mentioned above.

**(2) Medical Opinions Presented by Various Physicians:**

After evaluating Plaintiff's allegations against the objective findings, the ALJ then

considered the medical opinions presented by various physicians. Generally, "substantial" or "considerable" weight must be given to the opinion of a treating physician. *Spencer v. Heckler*, 765 F.2d 1090, 1093 (11th Cir. 1985). A treating physician's report, however, may be discounted when it is not accompanied by objective medical evidence or is wholly conclusory. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004).

Upon review, the ALJ gave little weight to the opinion of Plaintiff's physician at Broadway Medical Corporation ("Broadway"). The physician at Broadway stated that Plaintiff was totally and permanently disabled and unable to perform any gainful employment. (Tr. at 98). This opinion, however, is merely a single page letter stating that the physician at Broadway certifies Plaintiff is disabled due to congestive heart failure and hypertension. (Tr. at 98). The physician's opinion is conclusory and is not supported by any articulable reasons. (*See* Tr. at 98). In this letter by the physician at Broadway, there are no objective findings or mentioning of what evidence was used to support this conclusion. (*See* Tr. at 98). Moreover, Plaintiff failed to show that the physician at Broadway was truly his treating physician. There is only one page in the record produced by the physician at Broadway and "a doctor who examines a claimant on only one occasion is not considered a treating physician." *Crawford*, 363 F.3d at 1160 (*internal citations and quotations omitted*). Correctly, the ALJ found the Broadway physician's opinion that Plaintiff was totally and permanently disabled and unable to perform any gainful employment was not supported by the objective findings. (*See* Tr. at 19).

The Court notes that on Plaintiff's public housing application, Plaintiff's treating physician, Dr. Wells, checked a box stating that Plaintiff was disabled "at this time." (Tr. at 112). This is also a single page document that is wholly conclusory and not supported

by any articulable reasons.  (*See* Tr. at 112).  The Court further notes that the standard of disability for receiving public assisted housing is not the same as the standard for receiving benefits under the Social Security Act.  Furthermore, a statutory determination of disability or non-disability is reserved for the Commissioner–not treating physicians.  20 C.F.R. 404.1527(e)(1).  Therefore, the ALJ is entitled to discount Dr. Wells' opinion that Plaintiff is disabled if the ALJ finds this opinion is not supported by the objective evidence.

In the ALJ's decision he states that he relied heavily on the opinions of Dr. White and the state agency medical consultant, who both found that Plaintiff was not suffering from limitations that would precluded him from all work activity.  The examination conducted by Dr. White, showed that Plaintiff did have high blood pressure, congestive heart failure, hypertension, and trace pitting edema on his lower extremities, but that his physical condition was within normal limits for the most part and that he had no difficulty performing various motor movements.  (*See* Tr. at 99-102).  Moreover, the state agency medical consultant reviewed the medical records and concluded that Plaintiff could do medium work as defined by the Act. (Tr. at 104-111).  The ALJ stated that he recognized Plaintiff has some degree of limitation, thus the ALJ determined Plaintiff did not retain the RFC for medium work, but instead found Plaintiff could perform a full range of light work.  (Tr. at 20-21).

Accordingly, review of the record as a whole reveals that the ALJ considered all the evidence concerning various physician opinions and determined that Plaintiff did have some physical limitations and that he could perform light work as defined by the Act.  (Tr. at 20).  The record supports the ALJ's findings as to the Plaintiff's RFC and the opinions of Plaintiff's physicians; therefore, it is the opinion of this Court that the ALJ applied the

11

proper legal standard in determining Plaintiff was not permanently disabled under the Act.

**(3) The Validity of the ALJ'S RFC Assessment:**

Plaintiff also argues that because the ALJ failed to assess the severity of the totality of Plaintiff's medical impairments and did not consider the evidence as a whole, his findings regarding Plaintiff's RFC are deficient. (Doc. # 14, pp 10).

As discussed *supra*, the ALJ found that Plaintiff had a RFC to perform a full range of light work and sedentary work. (Tr. at 21). The ALJ's finding that Plaintiff could perform a full range of light work and sedentary work is supported by substantial evidence in the record. Plaintiff's Physical Residual Functional Capacity Assessment, as determined by the state agency medical consultant, reflects that Plaintiff has the ability to lift fifty (50) pounds occasionally, lift twenty five (25) pounds frequently, stand or walk (with normal breaks) for about six (6) hours in an eight (8) hour workday, and sit (with normal breaks) for about six (6) hours in an eight (8) hour workday. (Tr. at 105). These exertional levels are generally what is required for medium work as defined by the Act; however, the ALJ nevertheless assigned Plaintiff a RFC for light work.

Plaintiff established that he could not return to his past relevant work as a corrections officer, thus the burden shifted to the Commissioner to establish by a preponderance of the evidence that Plaintiff could perform less strenuous jobs that exists in substantial numbers in the national economy. (Tr. at 19-20). In satisfying its burden, the Commissioner is required to consider Plaintiff's age, education, work experience, and RFC to determine if he has the ability to work elsewhere. *Walker v. Bowen*, 826 F.2d 996, 1002 (11th Cir. 1987); 42 U.S.C. § 423(d)(2)(A) (2006). A residual functional capacity is not a decision on disability, it is a medical assessment of a plaintiff's remaining abilities to

perform work despite impairments. 20 C.F.R. § 416.945 (a). Plaintiff's own testimony concerning the type of work he performs around the house supports the finding that Plaintiff can perform light work as well. (*See* Tr. at 155-56, 162).

Furthermore, the testimony of the VE showed that given Plaintiff's age, education, and work experience, Plaintiff possessed skills that were transferable to other jobs in the area of security. (Tr. at 166). The VE testified that Plaintiff had skills transferrable to being a security guard, gate guard, or merchant patroller and that there were jobs available in large numbers in the economy in those areas. (Tr. at 168). Specifically, the VE testified that there were 865,864 jobs nationally and 54,992 jobs locally that fit one of the aforementioned job categories. (Tr. at 168). Thus, the Commissioner has met the burden at Step Five by showing that jobs exist in significant numbers in the economy that Plaintiff can perform given his transferrable skills and RFC.

## V. Conclusion

Review of the record as a whole reveals substantial evidence supports the ALJ's finding of non-disability. Accordingly, for the reasons stated herein, the decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) (2006). The Clerk of the Court is directed to enter judgment consistent with this ruling and, thereafter, to close the file. Each party shall bear its own fees and costs.

**DONE AND ORDERED** at Jacksonville, Florida this  24th  day of August, 2007.

Copies to:
Counsel of Record
and *Pro Se* Parties (if any)

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge